IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN WEDDINGTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN COLEMAN, et al.** | : | **NO. 08-1765** |

## MEMORANDUM/ORDER

Petitioner, Warren Weddington, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Before the Court is petitioner's Motion for Appointment of Counsel (Doc. No. 3).

"There is no constitutional right to counsel in a federal habeas corpus proceeding." Watson v. United States, 1997 WL 667152, at *4 (E.D. Pa. Oct. 3, 1997) (citing Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)). "In § 2254 cases, counsel is ordinarily appointed only where there is an evidentiary hearing, see Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, unless 'justice so requires.'" See Lambert v. Frank, 2000 WL 1022977, at *3 (E.D. Pa. July 18, 2000) (quoting 18 U.S.C. § 3006A) (Pollak, J.); see also 28 U.S.C. foll. § 2254, Rule 8(c). Here, upon review of petitioner's submissions to the Court, the record does not reflect an inability on the part of petitioner to understand the underlying issues and address them in a coherent manner. See, e.g., Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5. Furthermore, at this stage in the proceedings, it appears that this case may be resolved based on the record before the Court without an evidentiary hearing. See Lambert, 2000 WL 1022977, at *3 (citing 28 U.S.C. foll. §

1

2254, Rule 8).  Since justice does not require the appointment of counsel in this case, the request for counsel is denied.  See Lambert, 2000 WL 1022977, at *3; see also Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5.

Accordingly, **AND NOW,** this 11th day of August, 2008, upon consideration of petitioner's Motion for Appointment of Counsel (Doc. No. 3), it is hereby **ORDERED** that petitioner's motion is **DENIED**.

BY THE COURT:

  /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE