**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARREN WEDDINGTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN COLEMAN, et al.** | : | **NO.  08-1765** |

<u>**REPORT AND RECOMMENDATION**</u>

**L. FELIPE RESTREPO**                                              **DECEMBER 1, 2008**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Warren Weddington pursuant to 28 U.S.C. § 2254.  For the reasons which follow, the habeas petition should be denied and dismissed.

**1.   PROCEDURAL HISTORY**

On August 11, 2003, Weddington was arrested and charged with burglary, criminal trespass of an occupied building or structure, "theft unlawful taking," and "theft receiving stolen property."  See Commonwealth v. Weddington, No. 818 EDA 2005, Mem. Op. at 1 (C.P. Phila. July 11, 2005).  Following a bench trial on November 6, 2003, the Honorable Glynnis D. Hill, of the Philadelphia Court of Common Pleas, found Weddington guilty of burglary, theft unlawful taking, and theft receiving stolen property.  Id.  On March 8, 2004, the Court denied a Motion for Reconsideration and sentenced Weddington on the burglary offense to thirty to sixty (30-60) months in prison, and a consecutive term of three years reporting probation.  See Commonwealth v. Weddington, No. 818 EDA 2005, Mem. Op. at 1 n.1 (Pa. Super. Aug. 30, 2006); see also

Common Pleas Ct. Op. filed 7/11/05, at 1.  Weddington was further ordered to pay $2,000.00 restitution.  <u>See</u> Pa. Super. Ct. Op. filed 8/30/06, at n.1.  No further penalty was imposed on the remaining offenses.  <u>See</u> Common Pleas Ct. Op. filed 7/11/05, at 1.

Although petitioner did not file an immediate direct appeal, he subsequently filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46, requesting reinstatement of his direct appeal rights.  <u>See</u> Common Pleas Ct. Op. filed 7/11/05, at 1.  On January 25, 2005, the PCRA Court granted his request, and on February 28, 2005, the Court ordered petitioner to file a Concise Statement of Matters on Appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.  <u>Id.</u>  After being granted an extension of time to file his Rule 1925(b) Statement, Weddington raised the following claims on direct appeal:

> 1.   The learned Trial Court erred in not affording counsel for [petitioner] sufficient opportunity to present information and arguments relative to sentencing in accordance with the mandates of Pa. R. Crim. P. 704(C)(1);

> 2.   The learned Trial Court erred in not granting an evidentiary hearing on the issue of restitution in accordance with the mandates of Pa. R. Crim. P. 704(C)(1);

> 3.   The district attorney committed prosecutorial misconduct by stating facts not in evidence during closing argument – specifically that [Weddington] was running a pawn shop; and

> 4.   The evidence was insufficient to sustain the conviction for burglary, because the Commonwealth failed to prove beyond a reasonable doubt each and every element of the crime – specifically, the Commonwealth failed to prove contemporaneous intent.

<u>Id.</u> at 2.  On August 30, 2006, the Superior Court of Pennsylvania vacated the restitution portion

of Weddington's sentence and affirmed the judgment of sentence in all other respects.  See Pa. Super. Ct. Op. filed 8/30/06, at 1.  On January 31, 2007, the Supreme Court of Pennsylvania denied allowance of appeal.  See Commonwealth v. Weddington, 909 A.2d 889 (Pa. Super. 2006), allocatur denied, 916 A.2d 1102 (Pa. 2007).

Petitioner filed a second PCRA petition on March 12, 2007.  See PCRA Pet. filed 3/12/07.  Following appointment of counsel, on November 15, 2007 counsel filed a "no merit" letter and requested leave to withdraw representation.  See Letter from Counsel for Petr. to PCRA Ct. dated 11/15/07; Common Pleas Ct. Dckt. No. CP-51-CR–807941-2003, at 27.  The Common Pleas Court docket reflects that on December 20, 2007, the motion to withdraw representation was granted and Weddington's PCRA petition was denied as frivolous.  Id. at 27; see In re Weddington, 2008 WL 686381, at *1 (E.D. Pa. Mar. 12, 2008) (Pratter, J.).

On January 9, 2008, Weddington filed in this Court a petition to remove the state court proceedings to federal court.  Id.  On March 12, 2008, the Honorable Gene E.K. Pratter denied the Petition for Removal without prejudice to Weddington's right to file a petition pursuant to 28 U.S.C. § 2254.  Id. at *3.

On April 14, 2008, the Clerk of Court received this petition.  See Hab. Pet. (Doc. 1) at 1. The habeas petition alleges the following grounds for relief: (1) petitioner's conviction was obtained by use of evidence pursuant to an unlawful arrest; (2) petitioner was deprived of his Sixth Amendment right to be confronted with the witnesses against him; (3) the Pennsylvania Courts lacked jurisdiction over the trial; (4) ineffective assistance of trial, appellate, and PCRA counsel.  See Hab. Pet. ¶ 12(A)-(B).  In his brief, petitioner further alleges insufficiency of the evidence at trial in attempting to show "contemporaneous intent," see Petr.'s Br. at 4-5, and in

his reply brief he appears to assert his actual innocence as an exception to the procedural default doctrine, see Petr.'s Reply Br. at 3.  His reply brief also makes reference to ineffective assistance of counsel and prosecutorial misconduct under Brady v. Maryland, 373 U.S. 83 (1963).  See Petr.'s Reply Br. at 8-13.

In her Response to the habeas petition, the District Attorney of Philadelphia ("respondent") argues that the claims raised in Weddington's habeas petition are non-cognizable, procedurally defaulted, and without merit.  See Resp. to Hab. Pet. at 1.  Therefore, respondent urges the Court to deny the petition.  Id.

2.   DISCUSSION

(A)   **Ineffective Assistance of PCRA Counsel is a Non-Cognizable Claim Under 28 U.S.C. § 2254**

To the extent that the habeas petition alleges ineffective assistance of PCRA counsel as a ground for relief, see Hab. Pet. ¶ 12(D), such a claim is non-cognizable in a habeas petition.  The habeas statute specifically provides that habeas relief is not available for claims of ineffective assistance of counsel at post-conviction proceedings.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings **shall not** be a ground for relief in a proceeding arising under section 2254 ") (emphasis added).  Therefore, under § 2254, Weddington is barred from habeas relief for his claim of ineffective assistance of PCRA counsel.

**(B)    Habeas Relief on the Unlawful Arrest Claim is Unavailable Under
Stone v. Powell**

Petitioner claims that his "conviction [was] obtained by use of evidence pursuant to an

unlawful arrest." See Hab. Pet. ¶ 12(A).  In construing this pro se petition liberally, see Zilich v.

Lucht, 981 F.2d 694 (3d Cir. 1992) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)) (pro se

documents are to be liberally construed), Weddington appears to aver that evidence admitted at

his trial was the product of an illegal arrest in violation of the Fourth Amendment to the United

States Constitution, and therefore the evidence should have been excluded at trial.  See, e.g.,

Whitfield v. Phelps, 2008 WL 1758862, at *5 (D. Del. Apr. 16, 2008) (observing that habeas

claims that evidence was obtained during an unlawful arrest constitute Fourth Amendment

claims).  Respondent argues that this claim is not a cognizable habeas claim under the Supreme

Court's holding in Stone v. Powell, 428 U.S. 465 (1976).  See Resp. to Hab. Pet. at 12.

In Stone, "the Supreme Court examined the nature of the exclusionary rule, which it

characterized as a 'judicially created means of effectuating the rights secured by the Fourth

Amendment' and balanced its utility as a deterrent against the risk of excluding trustworthy

evidence and thus 'deflect[ing] the truthfinding process.'"  Marshall v. Hendricks, 307 F.3d 36,

81 (3d Cir. 2002) (citing Stone, 428 U.S. at 482), cert. denied, 538 U.S. 911 (2003).  The Court

found that "as to collateral review, the costs of the exclusionary rule outweighed the benefits of

its application."  Marshall, 307 F.3d at 81 (citing Stone, 428 U.S. at 494); see Stone, 428 U.S. at

494-95 ("In this context [of habeas review] the contribution of the exclusionary rule, if any, to

the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of

application of the rule persist with special force.").  Therefore, the Supreme Court held that a

state prisoner may not be granted federal habeas corpus relief "on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." Id. at 494, 495 n.37.

"A petitioner has had a full and fair **opportunity** to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism." Whitfield, 2008 WL 1758862, at *5 (citing U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978)) (emphasis added); Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980)); see, e.g., Cullison v. Wolfe, 2005 WL 2644997, at *4 (E.D. Pa. Oct. 13, 2005) ("Although Petitioner did not file a pre-trial motion questioning the validity of his arrest in this case, such a failure does not compel a finding that the trial court denied Petitioner a full and fair opportunity to litigate a Fourth Amendment claim."), adopted by, 2005 WL 3120276, at *4 (E.D. Pa. Nov. 21, 2005).  "In the Third Circuit, a petitioner can avoid the Stone bar only by demonstrating that the state system contains a **structural defect** that **prevented** full and fair litigation of the Fourth Amendment claim." Coley v. Nash, 2007 WL 2727223, at *3 (D. Del. Sept. 17, 2007) (citing Marshall, 307 F.3d at 82) (emphases added); see Whitfield, 2008 WL 1758862, at *5 (citing Marshall, 307 F.3d at 82) (habeas petitioner is not denied a full and fair opportunity to litigate Fourth Amendment claims unless "the state system contains a structural defect that prevented the state from fully and fairly hearing his Fourth Amendment claims.").  Thus, even "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the bar," and "alleg[ations] that Fourth Amendment claims were decided incorrectly or incompletely by the [state] courts . . . are insufficient to surmount the Stone bar." See Marshall, 307 F.3d at 82.

6

Here, petitioner was not "denied an opportunity for a full and fair litigation of [his] claim at trial and on direct review." Stone, 428 U.S. at 494-95, 495 n.37.  Since he is unable to show that the Pennsylvania court "system contains a **structural defect** that **prevented** full and fair litigation of the Fourth Amendment claim," habeas relief is unavailable on this claim.  See Coley, 2007 WL 2727223, at *3 (citing Marshall, 307 F.3d at 82) (emphases added); see Whitfield, 2008 WL 1758862, at *5 (citing Marshall, 307 F.3d at 82); Cullison, 2005 WL 2644997, at *4. For example, Pennsylvania does not prevent defendants from challenging an arrest by way of a pretrial suppression motion or on direct appeal.  See, e.g., id.  Moreover, even if habeas relief were not barred by Stone, as explained more fully below this claim is procedurally defaulted and habeas relief is not warranted on that basis as well.  See id. at *4 (finding that even if the Fourth Amendment habeas claim were not barred by Stone, habeas review of the claim was barred since it was procedurally defaulted).

### (C)   Exhaustion and Procedural Default

"It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus filed by a person incarcerated from a judgment of a state court unless the petitioner has first exhausted the remedies available in the state courts."  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)(A)), cert. denied, 532 U.S. 919 (2001); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993).  Specifically, "state prisoners must give the state courts one **full opportunity** to resolve any constitutional issues by invoking one **complete round** of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (emphases added); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001),

cert. denied, 535 U.S. 957 (2002).

Requiring proper exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  Lambert, 134 F.3d at 513 n.18 (citing Toulson, 987 F.2d at 986).  Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be **strictly adhered to** because it expresses respect for our dual judicial system." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990)) (emphasis added); see Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality").

The petitioner bears the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982).  Thus, the habeas petitioner carries the burden of proving exhaustion of all available state remedies.  Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

In this case, the only claims which petitioner properly exhausted in the Pennsylvania courts were those raised in the Superior Court on his reinstated direct appeal, following the disposition of his first PCRA petition.  See Common Pleas Ct. Op. filed 7/11/05, at 2 (identifying petitioner's claims on direct appeal); see also O'Sullivan, 526 U.S. at 848 (federal courts must ask whether habeas petitioner "has **properly** exhausted" state remedies) (emphasis added).  He did not "invok[e] one complete round of the State's established appellate review process," see O'Sullivan, 526 U.S. at 844-45; see also Wenger, 226 F.3d at 223, with respect to any of his habeas claims other than his insufficiency of the evidence claim, and he thus did not properly

satisfy the exhaustion requirement for those remaining claims.[1]  Furthermore, to the extent that

any of these claims may have arguably been raised in Weddington's second PCRA petition, even

assuming that to be the case he failed to properly appeal the denial of his second PCRA petition

to the Superior Court of Pennsylvania in any event, and he did not give the Pennsylvania courts

"one full opportunity to resolve" these claims.  See O'Sullivan, 526 U.S. at 844-45; Wenger, 266

F.3d at 223.

Moreover, these claims are now procedurally defaulted.  The procedural default doctrine

bars federal habeas review of claims which have been procedurally defaulted in state court.  See

Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002) (citing Coleman v. Thompson, 501 U.S.

722, 731 (1991)), cert. denied, 123 S. Ct. 195 (2002).

In Coleman v. Thompson, 501 U.S. at 750, the Supreme Court explained the procedural

default doctrine:

> In all cases in which a state prisoner has defaulted his federal
> claims in state court[,] . . . federal habeas review of the claims is
> barred unless the prisoner can demonstrate cause for the default
> and actual prejudice as a result of the alleged violation of federal
> law, or demonstrate the failure to consider the claims will result in
> a fundamental miscarriage of justice.

See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750); see also Edwards v.

Carpenter, 529 U.S. 446, 451 (2000) (citing Coleman).  As with the exhaustion doctrine, "[t]he

procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in

concerns of comity and federalism.'"  See Edwards, 529 U.S. at 451 (quoting Coleman, 501 U.S.

---

1.  Weddington acknowledges that "[t]he issues of petitioner's Fourth Amendment violation
claim and hearsay confrontation claim were **not** raised in a brief to [the] Superior and Supreme
Court of Pennsylvania."  See Petr.'s Br. at 3 (emphasis in original).

at 730).  The doctrine "appl[ies] alike whether the default in question occurred at trial, on appeal, or on state collateral attack."  See Edwards, 529 U.S. at 451 (citing Murray v. Carrier, 477 U.S. 478, 490-92 (1986)).

To satisfy the cause and prejudice requirement, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements."  Cristin, 281 F.3d at 412 (quoting Coleman, 501 U.S. at 753); see also Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting Murray, 477 U.S. at 488), cert. denied, 532 U.S. 980 (2001).  Where "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."  Coleman, 501 U.S. at 735 n.1.

Here, petitioner no longer has a remedy by which the state courts could consider his claims because, in addition to having waived his claims in not properly raising them to the Superior Court on direct appeal or during PCRA proceedings, he is now barred from properly raising them in another PCRA petition.  See 42 Pa. C.S.A. § 9545(b)(1).  In particular, petitioner's judgment of conviction became final more than a year and a half ago, and a petition would now be time-barred under the PCRA's one-year jurisdictional time limit.[2]  See Walker, 56 Fed. Appx. at 578 n.1; see also Lines v. Larkins, 208 F.3d 153, 164-66 (3d Cir. 2000), cert.

_____

2. The PCRA provides: "Any petition under this subchapter, **including a second or subsequent petition**, shall be filed **within one year of the date the judgment becomes final**. . . ."  42 Pa. C.S.A. § 9545(b)(1) (emphases added); see Walker v. Frank, 56 Fed. Appx. 577, 578 n.1 (3d Cir. Jan. 14, 2003), cert. denied, 124 S. Ct. 91 (2003); see also Hendel v. Vaughn, 1998 WL 470159, at *5 n.8 (E.D. Pa. Aug. 10, 1998).

10

<u>denied</u>, 531 U.S. 1082 (2001).[3]  Any claims raised by petitioner other than the claims identified above as properly exhausted are procedurally defaulted in the Pennsylvania courts.

To the extent that petitioner claims ineffective assistance of counsel as cause for his default, <u>see</u> Petr.'s Br. at 24 (stating that counsel "failed to raise the issues that petitioner raises herein"), he fails to satisfy the cause and prejudice standard of the procedural default doctrine. Initially, it is noted that while "in certain circumstances counsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" may constitute cause to excuse a procedural default, "[n]ot just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."  <u>Edwards</u>, 529 U.S. at 451 (quoting <u>Carrier</u>, 477 U.S. at 489); <u>see</u> <u>Carrier</u>, 477 U.S. at 488 ("So long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective . . ., we discern no inequity in requiring him to bear the risk of attorney error that results in procedural default.") (emphasis added).  Since there is no constitutional right to counsel during state court collateral review, <u>see</u> <u>Cristin</u>, 281 F.3d at 420 (citing <u>Coleman</u>, 501 U.S. at 752) (no constitutional right to counsel at the PCRA level of review), the conduct of PCRA counsel cannot amount to cause that would excuse a failure to properly litigate a claim in state court.  <u>See</u> <u>Caswell</u>, 953 F.2d at 862 ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."); <u>see also</u> 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-

---

3.  Thus, to the extent that Weddington's petition may be construed as raising any claims other than the specific claims properly presented to the Pennsylvania Superior Court on petitioner's reinstated direct appeal, his claims have not been properly exhausted and are procedurally defaulted.

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Even assuming arguendo that ineffective assistance of PCRA counsel could constitute cause for Weddington's default, the Supreme Court has held that "ineffective assistance adequate to establish cause for the procedural default of some **other** constitutional claim is **itself** an independent constitutional claim," and therefore may not constitute cause unless such a claim has been properly exhausted in state court.  See Edwards, 529 U.S. at 451-53 (citing Carrier, 477 U.S. at 489).  Here, Weddington did not properly exhaust his claim of ineffective assistance of PCRA counsel.

Moreover, as the Common Pleas docket reflects, in denying Weddington's second PCRA petition as frivolous, the PCRA Court also granted his counsel's request to withdraw representation.  See Common Pleas Ct. Dckt. No. CP-51-CR–807941-2003, at 27.  Therefore, in that he was proceeding pro se on appeal to the Superior Court from the denial of his PCRA petition, he cannot blame ineffective assistance of PCRA counsel for his failure to fairly present his claims to the Superior Court.  Therefore, petitioner's claim of ineffective assistance of counsel is insufficient to show cause and prejudice to excuse his default in failing to properly present each of his habeas claims to Pennsylvania's Superior Court in the proceedings related to his second PCRA petition.  See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750); see also Werts, 228 F.3d at 194.

Finally, Weddington asserts in conclusory fashion that he "was not provided with the appropriate official order" from the PCRA Court denying his second PCRA petition as frivolous. See Petr.'s Reply Br. at 5.  Construing petitioner's allegations liberally, Weddington appears to

be arguing that his alleged failure to receive notice of the PCRA Court's December 20, 2007 Order denying his PCRA petition constituted cause for his procedural default in failing to file an appeal to the Superior Court of Pennsylvania from the denial of PCRA relief.  See id.  However, among other things, as respondent points out, see Resp. to Petr.'s Reply at 2-3, Weddington's brief signed January 7, 2008 in support of his federal petition for removal acknowledged that he **was** aware of the PCRA Court's December 20, 2007 denial of his PCRA petition.  See Petr.'s Br. Supp. Removal of Petr.'s State Court Matter to Fed. Ct. at 2.  Therefore, Weddington fails to show cause and prejudice for procedurally defaulting the claims raised in his habeas petition.

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claims will result in a "miscarriage of justice."  See Werts, 228 F.3d at 193.  "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Id. (quoting Murray, 477 U.S. at 496).  "Actual innocence means 'factual innocence, not mere legal insufficiency.'"  Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)), cert. denied, 538 U.S. 1002 (2003); Calderon, 2007 WL 1740273, at *7 n.9. (citing Sweger).  In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court explained that in order to establish "actual innocence" to be entitled to relief that otherwise would be barred, a petitioner must satisfy "an extremely high burden" by presenting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial" showing that it is more likely than not that **no** reasonable juror would have found the petitioner guilty beyond a reasonable doubt.  Id. at 316, 324, 327; Sweger, 294 F.3d at 522 (citing Cristin, 281 F.3d at 420);

13

Dade v. DiGuglielmo, 2008 WL 2510593, at *5 n.3 (E.D. Pa. June 19, 2008) (citing Schlup);

Calderon, 2007 WL 1740273, at *7 n.9 (citing Sweger); see Cristin, 281 F.3d at 412 (quoting

Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir.), cert. denied, 534 U.S. 973 (2001)).

     In his reply brief, Weddington appears to assert that he has previously asserted his actual

innocence, see Petr.'s Reply Br. at 3, but he fails to present "new reliable evidence" to satisfy the

exacting standard applicable to the miscarriage of justice exception.  See Schlup, 115 S. Ct. at

861.  Thus, he is unable to demonstrate that a fundamental miscarriage of justice would result

from a failure to entertain petitioner's defaulted habeas claims on their merits.  See Schlup, 115

S. Ct. at 867-68.  The narrow miscarriage-of-justice exception is of no avail to petitioner, and he

is not entitled to habeas review of the defaulted grounds in his petition.

     With regard to the insufficiency of the evidence claim which Weddington asserts in his

brief, see Petr.'s Br. at 4-5, it appears that claim was properly exhausted on direct appeal.  See

Pa. Super. Ct. Op. filed 8/30/06, at 2-3.  Therefore, he has satisfied the exhaustion requirement

for that claim, and this Court may review the merits of the claim under the appropriate standard

of review.  See O'Sullivan, 526 U.S. at 844-45; see also Wenger, 226 F.3d at 223.


     **(D)   Legal Standard Under 28 U.S.C. § 2254**

     Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), P.L. 104-132 (Apr. 26, 1996), precludes federal habeas relief to "a

person in custody pursuant to the judgment of a State court" based on "any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim"

     (1) resulted in a decision that was **contrary to**, or involved an

> **unreasonable application** of, clearly established Federal law, as
> determined by the Supreme Court of the United States,[4] or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

28 U.S.C. § 2254(d) (footnote added) (emphasis added); see Duncan v. Morton, 256 F.3d 189,

196 (3d Cir.), cert. denied, 122 S. Ct. 269 (2001).  In Williams v. Taylor, the Supreme Court

interpreted the standard under § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant
> the writ if the state court arrives at a conclusion opposite to that
> reached by [the Supreme] Court on a question of law[5] or if the state
> court decides a case differently than [the Supreme] Court has on a
> set of materially indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the
> Supreme] Court's decisions but unreasonably applies that principle
> to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13 (footnote added).

The Court of Appeals for the Third Circuit observed in Matteo v. Superintendent, SCI

Albion, 171 F.3d 877 (3d Cir.) (en banc), cert. denied, 528 U.S. 824 (1999),[6] that to prove

---

4.  "Clearly established Federal law, as determined by the Supreme Court of the United States" refers to the "holdings, as opposed to the dicta" of the Supreme Court's decisions as of the time of the relevant state court decision.  Yarborough v. Alvarada, 124 S. Ct. 2140, 2147 (2004) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).

5.  Thus, "[a] state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases."  Brown v. Payton, 125 S. Ct. 1432, 1438 (2005) (citing Williams, 529 U.S. at 405); see Early v. Packer, 123 S. Ct. 362, 365 (2002).

6.  Prior to the Supreme Court's decision in Williams v. Taylor, the Court of Appeals for the Third Circuit construed the standard of review under § 2254(d)(1) in Matteo.  The Third Circuit has since stated that its opinion in Matteo is in accord with the Supreme Court's decision in Williams.  See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980

entitlement to habeas relief under the "contrary to" provision of § 2254(d)(1), "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent **requires the contrary outcome**." Matteo, 171 F.3d at 888 (emphasis added); see Werts, 228 F.3d at 197. "This standard precludes granting habeas relief solely on the basis of simple disagreement with a reasonable state court interpretation of the applicable precedent." Id. at 197 (quoting Matteo, 171 F.3d at 888).

When making the "unreasonable application" inquiry, the federal habeas court should ask "whether the state court's application of clearly established federal law was **objectively** unreasonable." Williams, 529 U.S. at 409 (emphasis added); see Chadwick v. Janecka, 312 F.3d 597, 607 (3d Cir. 2002) (citing Williams, 529 U.S. at 409, and Matteo, 171 F.3d at 891), cert. denied, 538 U.S. 1000 (2003). "The federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in **an outcome that cannot reasonably be justified under existing Supreme Court precedent.**" Matteo, 171 F.3d at 891 (emphasis added); see Chadwick, 312 F.3d at 607 (citing Matteo, 171 F.3d at 891); Werts, 228 F.3d at 197.

The Supreme Court stressed that an application of federal law **may be incorrect but still not unreasonable.** Williams, 529 U.S. at 411; see Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196. Thus, mere **disagreement with a state court's conclusions is insufficient to justify relief**. Williams, 529 U.S. at 411; Matteo, 171 F.3d at 891. In determining whether the state court's

_____

(2001); see also Jamison v. Klem, 2008 WL 4405147, at *3 n.5 (3d Cir. Sept. 30, 2008) (referring to Matteo "[f]or a more thorough discussion of AEDPA's standard of review").

application of the Supreme Court precedent is objectively reasonable, habeas courts may consider the decisions of federal courts of appeals and district courts.  Id. at 890; Ross v. Vaughn, 2001 WL 818359, at *4 (E.D. Pa. Jan. 16, 2001) (citing Matteo).

With regard to findings of fact, § 2254(e)(1) provides that a state court's determination of a factual issue[7] is "**presumed to be correct**" and further provides that a habeas petitioner "shall have the **burden of rebutting** the presumption of correctness by **clear and convincing evidence**."  28 U.S.C. § 2254(e)(1) (emphases added); see Chadwick, 312 F.3d at 607; Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196.  "This presumption applies to the factual determinations of both state trial and appellate courts."  Duncan, 256 F.3d at 196; see Stevens v. Del. Correctional Ctr., 295 F.3d 361, 368 (3d Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)).  Furthermore, under Supreme Court and Third Circuit precedent, the presumption of correctness under the habeas statute applies to **implicit** factual findings as well as the express findings of the state courts.  See Campbell v. Vaughn, 209 F.3d 280, 285-86, 290 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).


### (E)   Sufficiency of the Evidence

In his brief, Weddington claims that the evidence was insufficient to support the trial court's finding of "contemporaneous intent" in convicting him of burglary.  See Petr.'s Br. at 4.  His claim does not warrant habeas relief.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court set forth the applicable

---

7.  Factual issues are "basic, primary or historical facts: facts 'in the sense of a recital of external events and the credibility of their narrators.'"  Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting Townsend v. Sain, 372 U.S. 293 (1963)).

standard in a federal habeas corpus proceeding where sufficiency of the evidence was at issue

prior to AEDPA taking effect:

> [T]he critical inquiry on review of the sufficiency of the evidence
> to support a criminal conviction. . . . does not require a court to
> "ask itself whether **it** believes that the evidence at the trial
> established guilt beyond a reasonable doubt." . . . Instead, the
> relevant question is whether, **after viewing the evidence in the
> light most favorable to the prosecution, *any* rational trier of
> fact could have found the essential elements of the crime
> beyond a reasonable doubt.**

Id. at 318-19 (citations omitted) (emphasis added); see Jackson v. Byrd, 105 F.3d 145, 148 (3d

Cir.), cert. denied, 520 U.S. 1268 (1997).  The substantive elements of the offense are defined by

state law.  Jackson v. Virginia, 443 U.S. at 324 n.16; Flecha v. Shannon, 2005 WL 851066, at *4

(E.D. Pa. Apr. 12, 2005).  As the Superior Court pointed out, see Pa. Super. Ct. Op. filed

8/30/06, at 2 n.2 (citing Commonwealth v. Hunter, 768 A.2d 1136, 1141-42 (Pa. Super. 2001)),

the Commonwealth may sustain its burden of proving every element of the crime beyond a

reasonable doubt by relying on circumstantial evidence.  See Medina v. DiGuglielmo, 461 F.3d

417, 432 (3d Cir. 2006) ("To find [the defendant] guilty beyond a reasonable doubt, however, the

jury was free to disregard [a witness's] testimony and to **rely on the circumstantial evidence of

guilt** presented by the other witnesses.") (emphasis added).

"[T]he determination of the credibility of witnesses, the resolution of conflicts in the

evidence, and the drawing of reasonable inferences from the proven facts all fall within the

exclusive province of the jury" or fact-finder at trial, and they are therefore "beyond the scope of

permissible federal habeas review."  Id. (citing Schlup v. Delo, 513 U.S. 298 (1995)).   Finally, in

that deference to the state court's Jackson determination is now required, AEDPA has limited a

18

habeas court's role in reviewing a claim that the evidence adduced at trial was insufficient to support a conviction; "a de novo review is not appropriate." Flecha, 2005 WL 851066, at *4; see Lecount v. Patrick, 2006 WL 2540800, at *14 (E.D. Pa. Aug. 30, 2006) (habeas relief available for "evidentiary insufficiency only if the state courts have unreasonably applied either the Jackson 'no rational trier of fact standard,' or the state equivalent of the Jackson standard").

In addressing petitioner's claim on his direct appeal, the Superior Court applied the Pennsylvania equivalent of the Jackson v. Virginia standard.  See Pa. Super. Ct. Op. filed 8/30/06, at 2 n.2 (citing Hunter, 768 A.2d at 1141-42); see also Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992) ("the test for insufficiency of the evidence is the same under both Pennsylvania and federal law"); Smith v. Vaughn, 1997 WL 338851, at *7 (E.D. Pa. June 17, 1997).  Thus, the standard applied by the Pennsylvania court in addressing the merits of petitioner's claim did not "contradict[] the governing law set forth in" Jackson v. Virginia, 443 U.S. at 318-19.  See Williams, 529 U.S. at 405-06; Chadwick, 312 F.3d at 607.  Nor does petitioner demonstrate that "the state court confront[ed] a set of facts that [were] materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrive[d] at a result different from [the Supreme Court] precedent."  See Williams, 529 U.S. at 405-06; Chadwick, 312 F.3d at 607.  Therefore, the Pennsylvania court's adjudication of petitioner's claim did not result in a decision that was "contrary to" clearly established federal law, as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d).

In its memorandum opinion affirming the judgment of conviction of burglary, the Superior Court observed that with regard to the elements of the crime of burglary under Pennsylvania law, the Commonwealth must prove "that the defendant (1) entered a building or

occupied structure; (2) with the contemporaneous intent of committing a crime therein; and (3) at the time of entry the premises were not open to the public and the defendant was not licensed or privileged to enter." See Pa. Super. Ct. Op. filed 8/30/06, at 2 (citing 18 Pa. C.S. § 3502(a)). The Court further explained that "[i]ntent need not be directly proved, but may be inferred from the circumstances surrounding the incident as well as those surrounding entry." See Pa. Super. Ct. Op. filed 8/30/06, at 2 (citing Commonwealth v. Hardcastle, 546 A.2d 1101, 1109 (Pa. 1988)).

Claims that are mixed constitutional questions of law and fact, such as this claim, "require the application of a legal standard to the historical-fact determinations." Thompson v. Keohane, 116 S. Ct. 457, 464 (1995) (quoting Townsend v. Sain, 372 U.S. 293, 309 n.6 (1963)); see also Starr v. Mitchell, 2000 WL 1529807, at *3 (6th Cir. Oct. 6, 2000) ("Jackson claims are mixed questions of law and fact"), cert. denied, 531 U.S. 1178 (2001); United States ex rel. Howse v. Carter, 1998 WL 422294, at *7 (N.D. Ill. July 22, 1998) (same). Here, in applying Pennsylvania's equivalent to the Jackson v. Virginia standard, the Superior Court found the evidence indicated that:

> [Weddington] climbed a nine-foot high cyclone fence surrounding the victim's home - - a fence meant to keep out intruders - - and opened the back door of the victim's in-home garage repair shop when the shop was closed and the victim was away.  Once inside, defendant stole power tools, shop equipment, hand tools, and other items, before selling them to neighborhood repair shops, garages and gas stations.  When later confronted by the victim, defendant admitted to having "broke[n] into" the victim's garage and having stolen and sold his equipment.

See Pa. Super. Ct. Op. filed 8/30/06, at 2.  Furthermore, in addressing Weddington's sufficiency of the evidence claim, the Philadelphia Common Pleas Court found:

20

> In the instant case, [Weddington] told the complainant he was
> sorry for breaking into the complainant's garage and stealing his
> tools (Notes of Testimony, November 6, 2003, p. 35).  On another
> occasion, when confronted by the complainant, the defendant
> threw a bag at the complainant and ran.  When the complainant
> looked into the bag, he found one of his wrenches in the bag.  In
> fact, the complainant's name was engraved on the tool (Id., pp. 27-
> 28).  To make matters worse, [Weddington] also told the
> complainant where he could find a stolen ladder (Id. p. 35).

See Common Pleas Ct. Op. filed 7/11/05, at 5-6.  In light of the evidence presented, the

Pennsylvania Court found that Weddington's sufficiency of the evidence claim was without

merit.  See Pa. Super. Ct. Op. filed 8/30/06, at 3.

As the Supreme Court stated in Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), "it is not

the province of a federal habeas court to reexamine state-court determinations on state-law

questions."  Therefore, since the substantive elements of the offense are defined by state law, see

Jackson, 443 U.S. at 324 n.16; Flecha, 2005 WL 851066, at *4, this Court must defer to the state

court with regard to the elements of the crime of burglary in Pennsylvania.  In addition, under §

2254(e)(1), this Court must presume that the state court's factual determinations are correct since

petitioner fails to "rebut[] the presumption of correctness by clear and convincing evidence."  28

U.S.C. § 2254(e)(1); see Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196.

In light of the factual determinations made by the Pennsylvania court, the denial of

petitioner's claim was consistent with federal constitutional requirements.  Specifically, the

Pennsylvania court reasonably applied the Jackson v. Virginia standard or its equivalent in

concluding that there was sufficient evidence to convict petitioner.  See Pa. Super. Ct. Op. filed

7/2/03, at 6-11.

Petitioner has not demonstrated that Supreme Court precedent "require[d] the contrary

21

outcome." <u>Matteo</u>, 171 F.3d at 888 (emphasis added); <u>see</u> <u>Werts</u>, 228 F.3d at 197.  Nor has he

shown that the Pennsylvania court decision "resulted in an outcome that cannot reasonably be

justified under existing Supreme Court precedent."  <u>See</u> <u>Matteo</u>, 171 F.3d at 891; <u>see</u> <u>Chadwick</u>,

312 F.3d at 607 (citing <u>Matteo</u>, 171 F.3d at 891); <u>Werts</u>, 228 F.3d at 197.

Therefore, the state court's adjudication of petitioner's claim did not "result[] in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States."  <u>See</u> 28 U.S.C. § 2254(d).

Accordingly, petitioner's claim of insufficiency of the evidence does not warrant habeas relief.

<u>See</u> <u>id.</u>; <u>Smith</u>, 1997 WL 338851, at *8 (applying AEDPA and finding that "the state courts'

application of the <u>Jackson</u> standard was within the bounds of reasonableness").

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals

for the Third Circuit, at the time a final order denying a habeas petition is issued, the district

judge is required to make a determination as to whether a certificate of appealability ("COA")

should issue.  A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2)); <u>see</u> <u>Miller-</u>

<u>EL v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483 (2000).  To

establish this, "the petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong."  <u>Id.</u> at 484; <u>see</u> <u>Miller-EL</u>,

123 S. Ct. at 1040.

Furthermore, when a federal court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason

would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; see Miller-El, 123 S. Ct. at 1046 (Scalia, J., concurring). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

Here, since a reasonable jurist could not conclude that the Court would be incorrect in dismissing petitioner's aforementioned procedurally defaulted claims, see Slack, 529 U.S. at 484, and since petitioner has not made the requisite showing of the denial of a constitutional right with regard to petitioner's claim of insufficiency of the evidence, a certificate of appealability is not warranted. See Slack, 529 U.S. at 484. Accordingly, the habeas petition should be denied and dismissed, and a COA should not issue.

My Recommendation follows.

## R E C O M M E N D A T I O N

**AND NOW,** this 1ˢᵗ day of December, 2008, upon consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and respondent's opposition thereto, for the reasons provided in the accompanying Report, it is hereby **RECOMMENDED** that the habeas petition be **DENIED** and **DISMISSED** and that a certificate of appealability should not issue.[8]

_/s/ L. Felipe Restrepo_
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

8.  Petitioner is advised that he may file objections to this Report and Recommendation.  See Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

24